## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) )   Civil Action No. _____ |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES | ) ) ) |
| Defendants. | ) ) ) ) |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The National Shooting Sports Foundation ("NSSF"), by counsel, files this complaint for declaratory and injunctive relief against the United States Department of Justice's Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and states as follows:

### INTRODUCTION

1. This lawsuit seeks (1) a declaratory judgment that the ATF has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to respond to NSSF's initial FOIA request or issue a determination in response to NSSF's pending FOIA appeal, within 20 working days, respectively, from the date ATF received these separate communications , and (2) an injunction compelling ATF to process and release immediately all records responsive to NSSF's FOIA request.

### PARTIES

2. Plaintiff NSSF is a 501(c)(6) tax-exempt Connecticut nonprofit corporation with its principal place of business in Newtown, Connecticut. NSSF is the national trade association for America's firearms, ammunition, hunting, and recreational shooting sports industry. Its

mission is to promote, protect, and preserve hunting and the shooting sports. Founded in 1961, the NSSF has a membership of more than 10,000 federally licensed firearms and ammunition manufacturers, distributors, retailers; companies manufacturing, distributing and selling shooting and hunting-related goods and services, as well as sporting organizations, public and private shooting ranges, gun clubs, and individual hunters and sports shooters.

3. The NSSF and its members are proud of their longstanding cooperative relationship with ATF and the entire law enforcement community. It is because of this relationship that NSSF was invited to participate in a series of public meetings with the ATF to discuss the issues identified and requested in NSSF's FOIA and now subject to this complaint.

4. Defendant ATF is a federal law enforcement agency within the United States Department of Justice. ATF's headquarters is located at 99 New York Avenue, Northeast, in the District of Columbia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, and 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Freedom of Information Act, 5 U.S.C. § 552, and the Administrative Procedure Act. 5 U.S.C. § 702, *et seq.* This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201-2202 to issue the requested declaratory relief.

6. Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## STATUTORY FRAMEWORK

7. The FOIA, 5 U.S.C. § 552, requires federal agencies to provide records to the public upon request unless those records are entitled to protection under one or more specific statutory exemptions.

8.  When a private individual or entity files a FOIA request with an agency, that agency must respond to the request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). That response must notify the party of the agency's determination that it will either grant or deny the request for records, in whole or in part, and notify the requesting party of their right to appeal any adverse determination. *Id.*

9.  The agency may not toll the 20 working day period for a response except where it requires additional information from the requesting party. *Id.* §§ 552(a)(6)(A)(ii)(I), (II). "In unusual circumstances," the agency may receive a maximum of ten days' extension to file its response upon written notice to the requesting party. *Id.* § 552(a)(6)(B)(i).

10. Where an agency fails to respond to a request for agency records within the deadlines specified in the FOIA, the requesting party is deemed to have exhausted its administrative appeal remedies and is free to file suit against the agency in federal district court. 5 U.S.C. § 552(a)(6)(C)(i).

11. Upon receipt of a complaint for the denial of a FOIA request, this Court has the authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

12. On July 18, 2013, NSSF, through its counsel, filed a FOIA request with ATF seeking records related to the Bureau's decisions regarding how certain types of ammunition are classified under ATF regulations and decisions regarding exemptions to those classifications. The FOIA request also sought records of meetings hosted by ATF with various organizations and members of the public on these issues. NSSF's July 18, 2013 FOIA request is attached hereto as Exhibit A.

13. By letter dated July 23, 2013, Ms. Stephanie M. Boucher, Chief for the Disclosure Division at ATF acknowledged that NSSF's FOIA request was received on July 18, 2013. Ms. Boucher's letter assigned the FOIA request reference number 13-1291. ATF's July 23, 2013 letter is attached hereto as Exhibit B.

14. Under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), ATF had 20 business days from receipt of NSSF's FOIA request to provide a response. This means that, given ATF's acknowledgement of receipt on July 18, 2013, a response to NSSF's FOIA request was due on August 15, 2013.

15. By August 15, 2013, ATF did not provide any records in response to NSSF's FOIA request, deny NSSF's FOIA request, in whole or in part, or issue a written notice of a ten day extension of time to respond.  Nor has ATF provided any records, denied NSSF's FOIA request, or requested an extension of time at any date after August 15, 2013.

16. Subsequent efforts by NSSF's counsel to contact ATF by telephone on August 20, 2013 and September 9, 2013 were fruitless as ATFs FOIA contact did not return voicemail messages. Given the lack of response, NSSF considered  its FOIA request to be constructively denied as it had not received any of its requested records from ATF, a denial of its FOIA request, or a request for an extension of time.

17. Although NSSF had already exhausted its administrative appeal options, in an abundance of caution and in order to avoid unnecessary litigation, it filed an administrative appeal with the United States Department of Justice's Office of Information Policy ("OIP") by certified mail on September 17, 2013, pursuant to 28 C.F.R. § 16.9(a). A copy of NSSF's FOIA administrative appeal is attached hereto as Exhibit C.

18. According to the certified mail return receipt, OIP received NSSF's administrative appeal on September 23, 2013. A copy of the return receipt is attached hereto as Exhibit D.

19. Under the FOIA, OIP was required to "make a determination with respect to" NSSF's "appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii); *see also* USDOJ, Freedom of Information Act Reference Guide (Jan. 2010) ¶ X (OIP is "ordinarily required to make a determination on [an appellant's] administrative appeal within twenty business days.").

20. Given that OIP received NSSF's administrative appeal on September 23, 2013, its response was due by October 21, 2013. Due to a congressional budget controversy, however, most federal government offices were closed from approximately September 30, 2013 until approximately October 17, 2013. Although nothing in the FOIA extends the deadline for responding to an administrative appeal in such circumstances, even after subtracting these days from the time to respond, OIP's decision on NSSF's FOIA administrative appeal was due no later than November 8, 2013.

21. OIP did not provide a response on November 8, 2013. Phone calls to an OIP attorney on November 13, 2013 and November 20, 2013 revealed that ATF had not responded to the administrative appeal. To date, OIP has neither granted nor denied NSSF's FOIA administrative appeal, in whole or in part. Nor has OIP requested an extension of time.

22. Despite the twenty working day deadline for ATF to respond to NSSF's FOIA request, and the twenty working day deadline for OIP to rule on NSSF's administrative appeal, over six months have passed since NSSF initially filed its FOIA request.

**CLAIM ONE**
**(Constructive Denial of FOIA Request)**

23. NSSF hereby re-alleges and incorporates by reference paragraphs 1-22 above.

24. NSSF, through its July 18, 2013 FOIA request, properly requested records within ATF's control.

25. ATF has not produced any records to NSSF in response to NSSF's July 18, 2013 FOIA request, properly tolled the time for a response pending information required from NSSF, nor requested an extension of time.

26. ATF has not affirmatively denied NSSF's FOIA request, in whole or in part, or withheld records pursuant to any exemption listed in 5 U.S.C. § 552(b).

27. NSSF has exhausted the applicable administrative remedies with respect to ATF's wrongful withholding of records specifically requested in NSSF's July 18, 2013 FOIA request.

28. ATF violated the FOIA's requirement to release agency records to the public, pursuant to 5 U.S.C. §§ 552(a)(3)(A) and (a)(4)(B), by failing to respond to NSSF's July 18, 2013 FOIA request, thereby constructively denying that request.

29. Accordingly, NSSF is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in the July 18, 2013 FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, NSSF respectfully requests this Court to:

(1) Declare that ATF violated the Freedom of Information Act by failing to lawfully satisfy NSSF's July 18, 2013 FOIA request;

(2) Order ATF to process and release immediately all records responsive to NSSF's July 18, 2013 FOIA request;

(3) Retain jurisdiction of this action to ensure the processing of NSSF's FOIA request and that no agency records are wrongfully withheld;

(4) Award NSSF its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

Dated:  January 22, 2014                              Respectfully submitted,

                                                                    Roger R. Martella, Jr. (DC Bar # 976771)
                                                                    James R. Wedeking (DC Bar #500033)
                                                                    SIDLEY AUSTIN LLP
                                                                    1501 K Street, N.W.
                                                                    Washington, D.C.  20005
                                                                    Phone:  (202) 736-8000
                                                                    Fax:      (202) 736-8711