**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
NATIONAL SHOOTINGS SORTS            )
FOUNDATION, INC.,                   )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 14-00091 (RC)
                                    )
BUREAU OF ALCOHOL, TOBACCO,         )
FIREARMS AND EXPLOSIVES,            )
                                    )
            Defendant.              )
_____)

## ANSWER

Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives. ("ATF"), by and through its undersigned counsel, hereby answers plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Certain information that plaintiff seeks in his two Freedom of Information Act ("FOIA") requests is exempt from disclosure under FOIA, 5 U.S.C. § 552.

<u>THIRD DEFENSE</u>

The ATF is not an "agency" within the meaning of the FOIA, 5 U.S.C. § 552(f)(1), and is, therefore, not a proper party defendant.

<u>DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS</u>

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise avers as follows:

1. This paragraph consists of plaintiff's characterization of this action and the relief sought, which does not require a response, but insofar as a response is deemed required, deny.

2. This paragraph contains plaintiff's characterization of their status as a nonprofit and a national trade association for firearms, ammunition, hunting and recreational shooting sports industry. This paragraph does not require a response, but insofar as a response is deemed required, admit.

3. The first sentence of this paragraph is a characterization of plaintiff's relationship with ATF and the law enforcement community. This sentence does not require a response, but insofar as a response is deemed required, admit. Defendant admits the allegations contained in the second sentence of this paragraph.

4.     Defendant admits that it is a component of the U.S. Department of Justice ("DOJ"), located at 99 New York Avenue, NE, Washington, D.C. 20226, but avers that the proper party defendant is the DOJ, under 5 U.S.C. § 552(f)(1).

5.     This paragraph contains plaintiff's allegation concerning jurisdiction, which does not require a response; but insofar as a response is deemed required, deny.

6.     This paragraph contains plaintiff's allegation concerning venue, which does not require a response; but insofar as a response is deemed required, deny.

7.     This paragraph contains plaintiff's characterization of the requirements of the FOIA, which does not require a response, but insofar as a response is deemed necessary, deny.

8.     This paragraph contains plaintiff's characterization of the requirements of the FOIA, which does not require a response, but insofar as a response is deemed necessary, deny.

9.     This paragraph contains plaintiff's characterization of the requirements of the FOIA, which does not require a response, but insofar as a response is deemed necessary, deny.

10.    This paragraph contains plaintiff's characterization of the requirements of the FOIA, which does not require a response, but insofar as a response is deemed necessary, admit.

11. This paragraph contains plaintiff's characterization of the requirements of the FOIA, which does not require a response, but insofar as a response is deemed necessary, admit.

12. Admit.

13. Admit.

14. Deny.

15. Admit.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Deny.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that the government was shut down from approximately September 30, 2013, until approximately October 17, 2013.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Admit.

23. This paragraph repeats and re-alleges paragraphs 1 through 22.  To the extent a response is deemed required, ATF respectfully refers the Court to its responses to the specific preceding paragraphs.

24. Admit.

25. Admit.

26. Admit.

27. As to the first clause of the sentence, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  As to the second clause of this sentence, defendant denies wrongful withholding.

28. The statement contains plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

29. The statement contains plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

The paragraphs (1) through (5) at the end of the Complaint constitute plaintiff's request for relief, to which no answer is

required, but insofar as an answer is deemed required, ATF denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

          Respectfully submitted,

          RONALD C. MACHEN JR. D.C. BAR # 447889
          United States Attorney

          DANIEL F. VAN HORN, D.C. BAR # 924092
          Chief, Civil Division

          /s/ *Marina Utgoff Braswell*
          MARINA UTGOFF BRASWELL, D.C. BAR #416587
          Assistant United States Attorney
          U.S. Attorney's Office
          555 4th Street, N.W. – Civil Division
          Washington, D.C. 20530
          (202) 252-2561
          Marina.Braswell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer was sent to plaintiff *pro se* by United States mail, addressed as follows:

>Mr. Kenneth Dillon
>4115 Wisconsin Ave., NW, #507
>Washington, D.C. 20016

on this 28th day of May, 2013.

>*/s/ Marina Utgoff Braswell*
>MARINA UTGOFF BRASWELL,D.C. BAR #416587
>Assistant United States Attorney
>U.S. Attorney's Office
>555 4th Street, N.W. – Civil Division
>Washington, D.C. 20530
>(202) 514-7226
>Marina.Braswell@usdoj.gov